IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EPIFANIA SANCHEZ DELAROSA, Movant, | : : : | MOTION TO VACATE 28 U.S.C. § 2255 |
| v. | : : : | CRIMINAL ACTION NO. 1:11-CR-537-TCB-LTW-3 |
| UNITED STATES OF AMERICA, Respondent. | : : | CIVIL ACTION NO. 1:14-CV-3242-TCB-LTW |

### FINAL REPORT AND RECOMMENDATION

Movant is a federal prisoner who, pro se, challenges under 28 U.S.C. § 2255 her judgment of conviction. (Doc. 256 in 1:11-cr-537-TCB-LTW.)[1] Respondent filed a response in opposition to the motion. (Doc. 266.) For the reasons discussed below, the undersigned finds that Movant is not entitled to relief under § 2255.

### I.  Background

In December 2011, the grand jury indicted Movant on the following crimes: (1) conspiring to persuade, induce, entice, and coerce individuals to travel in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2422(a); (2) knowingly persuading, inducing, enticing, and coercing two women to travel in interstate commerce to engage in prostitution, in violation of 18 U.S.C. § 2422(a); and

---

[1] All citations to the record are to 1:11-cr-537-TCB-LTW.

(3) conspiring to encourage and induce aliens to enter and reside in the United States while knowing and recklessly disregarding that such entry and residence was unlawful, in violation of 18 U.S.C. §§ 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i). (Doc. 1.) By July 2012, all of Movant's co-defendants had either pled guilty or stated their intention to plead guilty. Movant was thus the only defendant who attended the deposition in July 2012 of a material witness for Respondent. (*See* Doc. 151.)

The Court granted Movant's motion to continue trial and set the trial for February 25, 2013. (Doc. 165.) On that day, just before trial was set to begin, Movant pled guilty to all charges against her. (Docs. 188, 239.)

A Spanish language interpreter was present at the plea hearing. At the beginning of the hearing, the Court told Movant: "if at any time you don't understand my question please let me or the interpreter or [your counsel] know. Otherwise, if you answer my questions, I will assume that you understood it and gave me a truthful response." (Doc. 239 at 3.) Movant agreed to do that. (*Id.*)

Movant never said that she did not understand something or needed clarification. (*See generally id.*) Movant responded to all of the Court's questions, including regarding the constitutional rights she was waiving by pleading guilty, her understanding of the maximum sentence for each crime, her understanding of the

2

nature of the charges, the voluntariness of her plea, and her understanding and agreement with the facts establishing her crimes. (*Id.*)

Those facts included that Movant operated a prostitution business in three apartments around Atlanta, many of the prostitutes were illegal aliens, some of the prostitutes traveled to Georgia from other states to engage in prostitution for Movant, and Movant worked with a co-defendant who also operated a prostitution business. (*Id.* at 7-10.) Movant acknowledged that Respondent was prepared to introduce at trial the following evidence: testimony from the co-defendant implicating Movant in those crimes, intercepted telephone calls between Movant and the co-defendant regarding the prostitution activities, video-recorded deposition testimony of a prostitute who worked for Movant and who discussed with Movant that she was an illegal alien, videos and photos showing Movant at all three places of prostitution, and documents found in Movant's home linking her to those places. (*Id.*)

On June 13, 2013, the Court sentenced Movant to a total of thirty-eight months' imprisonment and three years' supervised release. (Docs. 225, 240.) That sentence was below the sentencing range calculated under the U.S. Sentencing Guidelines (the "Guidelines"). The Guidelines range was fifty-one to sixty-three months' imprisonment, excluding credit for acceptance of responsibility, and Respondent

requested a sentence within that range. (Doc. 240 at 8-9.) The Court "carefully considered" the sentencing factors in 18 U.S.C. § 3553(a) in deciding on a sentence below the Guidelines range. (*Id.* at 25.) The Court also noted that thirty-eight months' imprisonment "would be the Court's sentence even if the court had sustained [Movant's] objection regarding the issue of acceptance of responsibility." (*Id.* at 26.)

If the Court had given Movant credit for acceptance of responsibility, the Guidelines sentencing range would have been forty-one to fifty-one months, which is higher than the sentence Movant received. (Doc. 231 at 12, 33-35); U.S. Sentencing Guidelines Manual, Ch. 5, Pt. A (2012). The Court denied Movant credit for acceptance of responsibility because Movant's eleventh-hour plea required Respondent to expend significant resources preparing for trial. Respondent paid transportation expenses for an expert witness from Canada who was required to testify at trial regarding the intercepted telephone calls and for a Spanish interpreter from New York. (Doc. 240 at 5-6.) Because Movant did not notify Respondent of her intent to plead guilty until the night before trial (a Sunday), both of those witnesses were present in Atlanta in preparation for trial. (*Id.*) Respondent also spent considerable resources deposing a material witness, who had to be detained for over six months after the indictment issued so that her deposition could be scheduled. (*Id.*

at 4-5.) Finally, Respondent's counsel and law enforcement agents spent several weeks intensively preparing for the trial, only to learn the night before that Movant was going to plead guilty. (*Id.* at 6-7.)

Movant sought leave to file an out-of-time appeal, which the Court granted. (Docs. 226, 227.) On appeal, Movant challenged the Court's denial of sentencing credit for acceptance of responsibility. (Doc. 245.) The court of appeals held that the Court did not err in denying that credit and affirmed the judgment of conviction. (*Id.*) The court of appeals noted that "[b]ecause [Movant] did not plead guilty until the day of trial, her plea was untimely and caused the government to incur various expenses and efforts, including deposition of a material witness and multiple weeks of staff time." (*Id.* at 4.) Attorney R. Gary Spencer represented Movant from the outset of the case through appeal.

Shortly after her appeal concluded, Movant, pro se, moved the Court to grant her credit for acceptance of responsibility and reduce her sentence. (Doc. 246.) The Court denied that motion. (Doc. 247.) Movant appealed that decision, but the appeal was dismissed for lack of prosecution. (Docs. 250, 262.)

In her § 2255 motion, Movant asserts the following claims:

5

1. She was prejudiced because of her diminished capacity regarding comprehension, cognizance, and education and because of her language barrier;

2. The Court's refusal to give Movant sentencing credit for her acceptance of responsibility was improper punishment based on her diminished comprehension and language barrier;

3. The Court erred in denying sentencing credit for acceptance of responsibility; and

4. Spencer rendered ineffective assistance, thus denying Movant due process.

(Doc. 256 at 4-9.) Movant provided no further explanation of her claims. (*See generally id.*)

## II. Relevant Legal Standards

To prevail on a § 2255 motion, the movant must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such a sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. "To obtain collateral relief, a [movant] must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

6

To establish ineffective assistance of counsel, a § 2255 movant must show that her counsel's performance was deficient such that it was below objectively reasonable standards, and that the deficient performance prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). As for the first prong of the test, a court should be "highly deferential" in scrutinizing counsel's performance, *id.* at 689, and "must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment," *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000). To establish deficient performance, a movant must establish that no competent lawyer would have taken the action that her lawyer took. *Id.* at 1315.

Under the second prong of the test, a court determines whether counsel's challenged acts or omissions prejudiced the movant, i.e., whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

A defendant who pled guilty must show "that there is a reasonable probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). But "[a] simple

statement to that effect is insufficient." *Upshaw v. United States*, No. 2:07-CV-111-FTM-33DNF, 2008 WL 638261, at *2 (M.D. Fla. Mar. 5, 2008); *see Stewart v. Tucker*, No. 3:09CV452/LAC/EMT, 2011 WL 5983944, at *15 (Nov. 16, 2011) ("A conclusory, after-the-fact statement that Petitioner would not have pled guilty, without more, is insufficient to establish prejudice under *Strickland*."), *R&R adopted by* 2011 WL 5981003 (N.D. Fla. Nov. 28, 2011). "In other words, the question of whether a defendant would have insisted upon going to trial had attorney error not occurred with respect to the guilty plea will turn in large part upon whether the defendant might reasonably have achieved a more favorable outcome had [she] gone to trial." *Pleas v. Sapp*, No. 4:07-CV-00292-MP-WCS, 2008 WL 3852701, at *5 (N.D. Fla. Aug. 13, 2008).

A court need not address both prongs of *Strickland*'s test if the movant "makes an insufficient showing on one." *Id.* at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

An evidentiary hearing on a claim in a § 2255 motion is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *Fontaine v. United States*, 411 U.S. 213,

8

215 (1973). That is the case if a movant does not proffer credible evidence in support of her allegations, i.e., if she does not identify the evidence she plans to present at a hearing and that would, if believed, entitle her to relief. *See Chandler v. McDonough*, 471 F.3d 1360, 1363 (11th Cir. 2006). It is not sufficient to merely allege facts that would support relief because "clear precedent establish[es] that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1293 n.7 (11th Cir. 2002).

## III. Analysis

Movant is not entitled to relief on her claim that the Court erred in denying her sentence credit for acceptance of responsibility because the court of appeals decided that claim adversely to her on direct appeal. The Court also denied Movant's post-appeal motion seeking credit for acceptance of responsibility. Movant cannot relitigate that claim under § 2255. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (holding that a claim "decided adversely to a defendant on direct appeal [] cannot be re-litigated in a collateral attack under section 2255" (quotation marks omitted)).

9

Movant's claim that Spencer was ineffective is, in its entirety, that "her Fifth Amendment right to Due Process was violated in that she was denied the benefit of counsel's effective assistance." (Doc. 256 at 5.) A movant cannot satisfy her burden of demonstrating ineffective assistance of counsel with allegations that are speculative or "conclusory in nature and lacking factual substantiation." *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *see also Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) ("Conclusory allegations of ineffective assistance are insufficient." (quotation marks omitted)). Movant's ineffective assistance claim fails on that basis alone.

To the extent Movant contends Spencer was ineffective for not obtaining the acceptance of responsibility credit at sentencing, Movant has not shown that Spencer's representation was objectively unreasonable or that she was prejudiced by his representation. Spencer persuaded the Court to sentence Movant to a sentence that was not only below the Guidelines range, but also was below what the Guidelines range would have been if the Court had given Movant credit for acceptance of responsibility. Moreover, the Court stated that it would have imposed the same sentence even if it had given Movant that credit. Those facts refute any notion that Spencer's performance at sentencing was deficient or prejudicial.

AO 72A
(Rev.8/82)

To the extent Movant contends Spencer was ineffective for advising her to plead guilty, Movant again fails to show any deficient performance or prejudice. The evidence of Movant's guilt that Respondent accumulated and was prepared to present to a jury on the day Movant pled guilty was substantial. Movant acknowledged that evidence and agreed to the facts establishing her guilt when she pled guilty on the eve of trial. There is thus no basis to find that Spencer was deficient in advising Movant to plead guilty. *See Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) ("Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was so patently unreasonable that no competent attorney would have chosen it." (quotation marks omitted)). Furthermore, Movant has not alleged or shown, that she would have proceeded to trial absent Spencer's alleged ineffectiveness. Movant has shown neither deficient performance nor prejudice for her claim of ineffective assistance of counsel.

Movant's remaining claims – that she was prejudiced and punished because of her "diminished capacity" and "language / comprehension barrier" – also lack merit. (Doc. 256 at 4, 8.) The transcript of the plea hearing refutes the notion that Movant was unable, because of a language or comprehension barrier or otherwise, to understand the plea and its consequences. (Doc. 239.) Spanish is Movant's native

11

language, and a Spanish interpreter was present throughout the plea hearing. (*Id.*) Movant agreed at the outset to tell the Court if she did not understand anything said during the hearing. (*Id.*) Movant answered all the Court's questions at the hearing without ever expressing a lack of understanding or comprehension. (*Id.*)

Movant did not identify in her § 2255 motion anything at the plea hearing that she did not understand or comprehend. (Doc. 256.) Nor did Movant identify any basis for her claim of a "diminished capacity." (*Id.*) Movant's statements at the plea hearing, which were under oath, demonstrate that she knowingly and voluntarily pled guilty, and those statements carry great weight. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987) (when a defendant pleads guilty, "there is a strong presumption that the statements made during the [plea] colloquy are true"); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings.").

Movant's claim that the Court denied her sentence credit for acceptance of responsibility because of her "comprehension/language barriers" also is unsupported by the record. (*See* Doc. 256 at 8.) Moreover, Movant cannot show that she was harmed by not receiving the credit for acceptance of responsibility for two reasons.

12

First, the sentence the Court imposed – thirty-eight months' imprisonment – was lower than what the Guidelines range would have been with credit for acceptance of responsibility. *See supra* Part I. Second, the Court stated at sentencing that thirty-eight months' imprisonment "would be the Court's sentence even if the court had sustained [Movant's] objection regarding the issue of acceptance of responsibility." (Doc. 240 at 26.) For all those reasons, Movant is not entitled to relief under § 2255 on her claims that she was prejudiced and punished because of comprehension or language barriers.

## IV. Certificate Of Appealability ("COA")

A federal prisoner may not appeal the denial of her § 2255 motion "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). Rule 11 of the Rules Governing § 2255 Cases provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that

13

the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citations and quotation marks omitted).

A COA is not warranted here. Not only does the record refute Movant's vague and conclusory claims, Movant has not shown any harm from the errors she alleges. Those conclusions are not reasonably debatable.

## V. Conclusion

Accordingly, the undersigned **RECOMMENDS** that Movant's § 2255 motion [256] be **DENIED** and that civil action number 1:14-cv-3242-TCB-LTW be **DISMISSED**. The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED**. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO RECOMMENDED** this 13 day of July, 2015.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

14